DeSAAVEDRA, d. b. a. JOHNNY'S TRAILER TRANSPORT, In re.

Public Utilities Commission.

No. 25695. Decided May 22, 1958.

404

## FINDING AND ORDER

This day after full Rehearing, the Commission comes now to consider the above entitled matter; its previously issued orders in connection with this matter; the testimony adduced at the Compliance Hearings, held on September 11, 1956, and September 5, 1957; the argument advanced by the respective parties in their briefs and upon Oral Argument before the Commission, conducted on March 12, 1958; and, being otherwise fully advised in the premises, and in compliance with §4903.09 R. C., hereby renders the following opinion and findings:

### COMMISSION'S DISCUSSION:

This matter is presently before the Commission upon an Application for Rehearing with respect to its Order of January 3, 1958, in which it found that the evidence adduced at the Compliance Hearings conducted on September 11, 1956, and September 5, 1957, established that Protestant, National Trailer Convoy, Inc., had reasonably complied with the provisions of the "sixty-day" order issued by the Commission on June 12, 1956, and that the Application of John P. DeSaavedra, dba Johnny's Trailer Transport, for a Certificate of Public Convenience and Necessity should, therefore, be denied.

In its Application for Rehearing, the Applicant has taken exception to these findings for the reasons that the Commission ostensibly failed to set forth the facts upon which its conclusion of reasonable compliance was based, and, further, that the facts as established by the evidence of record completely negate such a conclusion. The Applicant has also asserted, both in his brief and upon Oral Argument before the Commission, that a finding of reasonable compliance is in contradiction to the established policies of the Commission which require strict compliance with the provisions of a "sixty-day" order. Upon a review of its previously issued Order of January 3, 1958, and of the evidence presented at the Compliance Hearings conducted in this matter, and for the reasons more particularly set forth hereinafter, it is the opinion of the Commission that the arguments presented by the Applicant are well made and that the aforementioned Order of January 3, 1958, should accordingly be reversed.

By its Order of June 12, 1956, the Commission found that Public Convenience and Necessity existed for motor carrier service in the transportation of house trailers and mobile homes, by tow-away method, over irregular routes, from and to points and places in Franklin County. In accordance with the provisions of §4921.12 R. C., Protestant, National Trailer Convoy, Inc., was afforded a period of sixty days within which to so improve its service in the affected area as to be able to satisfy the public need theretofore found to exist, else a Certificate of Public Convenience and Necessity to perform this service would be granted to the Applicant. More specifically, the Protestant was ordered to:

(a) Adequately publish the availability of its service throughout the county to the extent that the shipping public may become further aware of its service;

(b) Make whatever changes are required in operating procedures or personnel in order to eliminate the unreasonable and unwarranted delays herein found to result when shippers of house trailers in Franklin County attempt to make use of the service of this Protestant; and,

(c) In accordance with Finding (b) above, so improve its service that it may respond within 24 hours from the time of call and render transportation service promptly within said 24 hour period.

In view of the questions raised by this Application for Rehearing, and of the respective positions advanced by the parties, it would seem appropriate to review the purpose and effect of a "sixty-day" order, and more particularly the effect of the requirements established by the Commission in its Order of June 12, 1956.

Before an existing motor carrier may be ordered to improve its service as provided in §§4921.10 and 4921.12 R. C., the Commission must first determine that the services being provided at that time by such carrier are not reasonably adequate to satisfy the needs of the public. The Commission is required to grant to the existing carrier not only a reasonable time within which to improve its service, but a reasonable opportunity as well to know in what respects this service is deemed to be inadequate. **Commercial Motor Freight, Inc. v. PUCO, 156 Oh St 360.**

Accordingly, the Protestant in the present case was ordered to take certain remedial measures to insure that the need for service found to exist would be satisfied. In the event that this carrier deemed the obligations imposed to be unreasonable or unlawful, or simply not warranted in view of the evidence of record, exceptions to these requirements could have been taken including appeal and review by the Supreme Court, since a "sixty-day" order is in itself a final order subject to such review. **Cleveland, Columbus & Cincinnati, Inc. v. PUCO, 141 Oh St 634; Boak, dba City Transfer & Storage Company v. PUCO, 144 Oh St 427.**

The Protestant has argued that if, at the time of the Compliance Hearing, the evidence discloses that a reasonably adequate service is then being provided, irrespective of its failure to comply with the specific provisions of the "sixty-day" order, the Commission should find compliance on behalf of the Protestant and deny this Application for additional authority.

The Commission has, however, held that objection to the substantive provisions of a "sixty-day" order must be made by filing Application for Rehearing of this Order. In Case No. 25,996, In the Matter of the Application of Craycraft Trucking, Inc. to amend Certificate No. 8330-I, the Commission stated in its Order of December 13, 1956:

"Where a carrier is not satisfied with the form or content of a 'sixty-day' order issued in accordance with the provisions of §4921.12 R. C., and desires to challenge the substance of such order, it is incumbent upon such carrier to make a timely filing of an Application for Rehearing, in accordance with the provisions of §4903.10 R. C., in which Application the alleged errors, inaccuracies, or improprieties of such order shall be stated. Where a carrier fails to make such Application for Rehearing and proceeds instead to a hearing upon a 'sixty-day' order, said

carrier is obliged to present affirmative testimony sufficient to show that it has, in fact, complied with the terms and conditions of the 'sixty-day' order. Evidence that the 'sixty-day' order was improperly drawn or issued will not be received at a hearing on compliance."

The Protestant in this matter elected to accept the standards established by the Commission. It presumably agreed, therefore, that the requirements imposed by this "sixty-day" order were not unreasonable, but were, in fact, responsive to the public need as reflected by the evidence of record. Its only alternative thereafter was to comply with each and every requirement or fail of compliance.

An additional reason exists for rejecting the argument to the contrary advanced by the Protestant. In effect, its contention seeks to again bring into issue at the Compliance Hearing the question of what constitutes reasonably adequate motor carrier service in the area applied for by this Applicant. This question must necessarily be related to and dependent upon the question of Public Convenience and Necessity. Reasonably adequate service is, in fact, simply that service which will practicably satisfy the public need; it is only when this need has not been satisfied by existing carriers that the services being rendered can be considered inadequate. Should the Commission adopt the position that this Protestant could, at the time of the Compliance Hearing, retry this question of reasonable adequacy, full opportunity would have perforce to be granted to this Applicant and all affected shippers to attempt to refute this evidence and re-establish the continued existence of the need originally proved to exist. In effect, this would result in the complete retrial of those ultimate questions upon which a determination was made at the time of initial hearing upon this application for authority.

It is, therefore, the opinion of the Commission that a carrier against whom a "sixty-day" order has been issued, which carrier has failed to take exception to the provisions of the "sixty-day" order by filing an Application for Rehearing in accordance with the provisions of §4903.10 R. C., must, at the time of Compliance Hearing, introduce sufficient evidence upon which it may be concluded that it has complied with each and every requirement set forth in the "sixty-day" order. Evidence or argument that the requirements as established in such Order were unnecessary or unreasonable, or that a reasonably adequate service can be provided irrespective of these requirements, may only be considered upon a Rehearing by the Commission of its "sixty-day" order. Should the Commission, after review, determine that its requirements were unreasonable, the provisions of the "sixty-day" order can and would be modified. Should the Commission fail to so modify its Order after Rehearing, the Protestant has appropriate and adequate recourse by appeal to the Supreme Court.

The evidence presented at the Compliance Hearings in this matter indicates that Protestant, National Trailer Convoy, Inc., took certain measures in its efforts to avoid the "unreasonable and unwarranted delays" that had been experienced by certain of its shippers. The evidence further discloses, however, that the Protestant had been requested

by divers persons to render service, but was unable to respond within 24 hours as prescribed by the Commission's "sixty-day" order. It must be noted that in certain of these instances, telephone calls to the Protestant were made for the sole purpose of testing whether or not it could respond within the prescribed 24 hour period: The question as to the weight to be given this evidence is directly in issue in this matter.

There is no doubt but that this testimony has no probative value if considered as tending to establish a need for service, since those persons responsible for making these calls did not actually require service. However, Public Convenience and Necessity is not here in issue. The ultimate question presented for our determination at this time is whether or not this Protestant has complied with the mandates set forth by the Commission in its "sixty-day" order.

This carrier was ordered to so improve its service as to be able to respond within 24 hours from the time a call for service was received. The testimony given by those persons who had made "test calls" tends to establish that the Protestant was incapable of satisfying this requirement and had, therefore, failed to comply, in this respect, with the "sixty-day" order issued by the Commission.

It is the opinion of the Commission, therefore, that the testimony of those witnesses who had called the Protestant for the express purpose of determining whether or not it could respond within the time prescribed in this "sixty-day" order should be given due consideration, and accorded probative value as evidence tending to establish a failure of compliance on behalf of the Protestant.

Having accorded this testimony its true weight, it is the further opinion of the Commission that the Protestant, National Trailer Convoy, Inc., could not, at the time of the second Compliance Hearing conducted in this matter, respond within 24 hours of any call upon it for service, as directed by the Commission in its Order of June 12, 1956. Having so failed, the Application of John P. DeSaavedra, dba Johnny's Trailer Transport, should be granted.

**ULTIMATE FINDINGS:**

The Commission, upon consideration of the evidence presented at the Compliance Hearings conducted in this matter, as well as the arguments advanced by counsel for the respective parties, hereby finds:

That instead and in lieu of those findings as set forth in the Commission's Order of January 3, 1958, which findings are inconsistent with the findings hereinafter set forth, the Commission should, and hereby does, find:

(1) That the Protestant, National Trailer Convoy, Inc., has failed to comply with the provisions of the Commission's "sixty-day" order; and

(2) That, in accordance with the Order of the Commission dated June 12, 1956, wherein it was found that Public Convenience and Necessity existed for service in the transportation of house trailers, by the tow-away method, upon and over irregular routes from and to Franklin County, Ohio, a Certificate of Public Convenience and Necessity should be granted the within Applicant to furnish the service as herein described.

408

It is, therefore

ORDERED, That upon the payment of the taxes prescribed by law, and the filing with this Commission of the required insurance and tariff, a Certificate of Public Convenience and Necessity be issued to John P. DeSaavedra, dba Johnny's Trailer Transport, to establish, maintain and operate a motor transportation company for the transportation of house trailers, by the tow-away method, upon and over irregular routes from and to Franklin County, Ohio, restricted against operations on Routes 2 and 6 between Lorain and Cleveland, Ohio, subject to the rules and regulations of this Commission, now existing or hereafter promulgated. It is, further

ORDERED, That said taxes shall be paid, and the required insurance and tariff filed within thirty days from the date hereof, else this Order shall be null and void and the application dismissed for failure to comply with statutory requirements.

THE PUBLIC UTILITIES COMMISSION OF OHIO

Entered in the Journal
May 22, 1958
A true copy:
W. E. Herron, Secretary

Everett H. Krueger, Jr., Chairman
Ralph A. Winter
Edward J. Kenealy
Commissioners